1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

               Plaintiff,

    v.

PUBLIC BUILDINGS REFORM BOARD,

               Defendant.

CASE NO. 2:21-cv-00566-TL

ORDER IN RESPONSE TO THE
PARTIES' JOINT STATUS REPORT

On March 18, 2022, in its Order partially granting Plaintiff's motion for summary judgement, the Court ordered Defendant to: (1) produce all remaining non-exempt responsive records within twenty-one (21) days of the Order, and (2) provide to Plaintiff a complete and comprehensive *Vaughn* index within ten (10) days thereafter. Dkt. No. 31 at 12. The Court also ordered the Parties to meet and confer to narrow the scope of any remaining exemption challenges and file a joint status report and proposed dispositive motion briefing schedule by no later than April 25, 2022. *Id.*

ORDER IN RESPONSE TO THE PARTIES' JOINT STATUS REPORT - 1

1       On April 25, the Parties filed a joint status report. Plaintiff reports that Defendant made

2   what it deemed to be final production at or shortly after the Court-ordered deadline, but

3   Defendant failed to meet its obligations of providing a "complete and comprehensive" *Vaughn*

4   index as ordered. *See generally* Dkt. No. 32. Plaintiff asserts that Defendant failed to provide

5   sufficient justification for certain exemptions and indicated an intent to supplement its

6   production by releasing a number of withheld or partially withheld documents upon consultation

7   with Plaintiff. *Id.* Plaintiff claims that Defendant's deficient *Vaughn* index shows that Defendant

8   failed to meet its Court-ordered production obligations.

9       Defendant counters that it has made a concerted effort to meet its Court-ordered

10  obligations, despite serious logistical hardships. *Id.* Defendant further avers that it has attempted

11  to work with Plaintiff in good faith to resolve any remaining concerns about withheld documents

12  to find a way to avoid Court involvement in the remaining document disputes. *Id.*

13      The Parties also failed to jointly propose a dispositive motion briefing schedule. Plaintiff

14  requests an expedited briefing schedule, requiring immediate completion of any supplemental

15  productions and a dispositive motions deadline of July 7, 2022. *Id.* at 6. Defendant requests the

16  Court order the Parties to continue working toward narrowing the scope of exemption

17  challenges, averring that all remaining supplemental productions can be completed by May 23,

18  after which the Parties should be allowed more time to cooperatively resolve any remaining

19  disputes. *Id.* at 6-7. Defendant requests a dispositive motion deadline be set no earlier than

20  August 8, 2022. *Id.* at 7.

21      The Court is very concerned about Defendant's failure to meet the Court-ordered

22  production deadlines and requirement to furnish a "complete and comprehensive" *Vaughn* index.

23  While the Court is aware of the resource difficulties that Defendant has highlighted, the Court

24  also notes Defendant stated in its opposition to Plaintiff's motion for summary judgment that it

1   expected to complete its document production by November 2021. Dkt. No. 31 at 10. The time

2   the Court allowed for Defendant to comply with its Order exceeded the production schedule

3   Defendant proposed to Plaintiff prior to summary judgment, which Defendant represented was

4   reasonable. *Id.* Additionally, it was Defendant that suggested the post-document production

5   *Vaughn* index as a way to minimize the number of exemption challenges that would be required

6   to resolve this case. *Id.* at 11. If the *Vaughn* index produced by Defendant is deficient, that

7   defeats the purpose of allowing Defendant additional time to resolve disputes over withheld

8   documents.

9         On the other hand, the Court made it very clear that both Parties are expected to work

10   toward narrowing the scope of remaining exemption challenges requiring Court intervention. *Id.*

11   at 12. This expectation is not limited to reviewing the *Vaughn* index. Defendant indicates that it

12   is willing to compromise regarding some documents it might otherwise withhold as exempt. Dkt.

13   No. 31 at 4-5. Plaintiff does not acknowledge Defendant's efforts to consult on ways to minimize

14   the need for Court intervention and simply continues to challenge the application of exemptions

15   to large volumes of documents. *Id.* at 3. If there is a compromise position, the Court strongly

16   encourages the Parties to find it.

17         The Court construes the Parties' respective positions in the joint status report as

18   indicating that there is still opportunity for the Parties to narrow the scope of remaining

19   exemption issues.

20         The Court therefore ORDERS

21       1.  The Parties shall continue to meet and confer regarding the exemptions and work

22           cooperatively to narrow the scope of remaining exemption challenges requiring Court

23           intervention.

24

ORDER IN RESPONSE TO THE PARTIES' JOINT STATUS REPORT - 3

2.  Defendant shall complete all supplemental productions and necessary revisions to the *Vaughn* index by **no later than May 23, 2022**.

3.  The Parties shall file a jointly proposed dispositive motion briefing schedule by **no later than June 13, 2022**.

4.  Included with the proposed schedule, the Parties shall address whether the Court should consolidate the four related cases[1] to conserve both the Parties' and the Court's resources in resolving any remaining issues.[2]

While the Court will be surprised and disappointed to find it necessary, if the Parties are unable to reach agreement on a proposed schedule by the June 13 deadline, the Court will require the Parties to attend a status conference to determine an appropriate schedule for resolving this case.

Dated this <u>17th</u> day of May 2022.

Tana Lin
United States District Judge

---

[1] *See State of Washington v. Office of Management and Budget*, No. 2:21-cv-00564-TL (filed Apr. 27, 2021); *State of Washington v. U.S. National Archives and Records Administration*, No. 2:21-cv-00565-TL (filed Apr. 27, 2021); *State of Washington v. U.S. General Services Administration*, No. 2:21-cv-00794-TL (filed Jun. 11, 2021).

[2] The Court notes that counsel is exactly the same in all four cases, and the Parties were able to file a single, identical status report in each case. *See* Dkt. No. 32 at 2, n.1.

ORDER IN RESPONSE TO THE PARTIES' JOINT STATUS REPORT - 4